

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAURICIO PALMERIN, GERALDO BALMACEDA, ANTONIO GARCIA, MARCO ANTONIO GUILLEN, AURELIANO LEON RODRIGUEZ, RUTILO ROMERO, JESUS TORRES, JOSE LEONARDO TORRES, AND RAFAEL VAZQUEZ;<br><br>Plaintiffs,<br><br>v.<br><br>SERRA LANDSCAPING, INC., f/k/a JOHN SERRA LANDSCAPING, INC.; and JOHN SERRA, individually;<br><br>Defendants. | 06CV1115<br>JUDGE CASTILLO<br>MAGISTRATE MASON<br><br>**FILED**<br>MAR − 1 2006<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |

## PLAINTIFFS' COMPLAINT AT LAW

Plaintiffs, MAURICIO PALMERIN ("Palmerin"), GERALDO BALMACEDA ("Balmaceda"), ANTONIO GARCIA ("Garcia"), MARCO ANTONIO GUILLEN ("Guillen"), AURELIANO LEON RODRIGUEZ ("Rodriguez"), RUTILO ROMERO ("Romero"), JESUS TORRES ("Torres"), JOSE LEONARDO TORRES ("Jose Torres"), and RAFAEL VAZQUEZ ("Vasquez") (collectively "Plaintiffs"), by and through their respective attorneys, CAFFARELLI & SIEGEL LTD., and the ILLINOIS MIGRANT LEGAL ASSISTANCE PROJECT of the LEGAL ASSISTANCE FOUNDATION OF METROPOLITAN CHICAGO, for their Complaint at Law, complain against Defendants SERRA LANDSCAPING, INC., f/k/a JOHN SERRA LANDSCAPING, INC. ("Serra Landscaping"); and JOHN SERRA ("Serra") (hereinafter collectively "Defendants") as follows:

## NATURE OF ACTION

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"); the Portal to Portal Act, 29 U.S.C. § 251 *et seq.*; the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.*, ("IMWL"); and the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1 *et seq.* ("IWPCA"), for Defendants' failure to pay earned wages, minimum wages, and overtime to Plaintiffs.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the action under the express provisions of the FLSA, 29 U.S.C. § 216(b), and under 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over the Illinois state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district, and Plaintiffs are residents of this district.

## PARTIES

4. Plaintiffs reside in and are domiciled within this judicial district.

5. Plaintiffs are either present or past hourly employees of Defendants.

6. Defendant Serra Landscaping is an Illinois corporation engaged in the landscaping business.

7. Defendant Serra is the owner and principal shareholder of Serra Landscaping. He has the authority to hire and fire employees; direct and supervise the work of employees; sign on the corporation's checking accounts, including payroll accounts; and make or participate in decisions regarding employee compensation and capital expenditures.

## FACTUAL ALLEGATIONS

8. Plaintiffs were employed by Defendants at various times between 2001 and 2005 as landscapers.

9. Defendants required Plaintiffs to report to the Company's central office at the start of every workday. Defendants then provided transportation to all worksites during the day, as well as transportation back to the Company's central office at the end of the workday.

10. On many occasions, Defendants failed to compensate Plaintiffs at all for hours worked.

11. In 2005, Defendants routinely directed Plaintiffs to work in excess of forty (40) hours per week while in Defendants' employ, but Defendants did not compensate Plaintiffs for such excess hours.

12. Defendants have further failed and refused to compensate Plaintiffs for hours they worked by not compensating Plaintiffs for time spent on travel from the last jobsite of the day to the Defendants' central office.

13. Defendants took deductions from Plaintiffs' wages for the purchase of uniforms, which reduced Plaintiffs' wages below the minimum wage and/or the required overtime rate.

14. In addition, Defendants failed to post all required federal and state wage and hour notices.

## COUNT I
## Violation of the Fair Labor Standards Act

15. Paragraphs 1 – 14 are re-alleged and incorporated as though set forth fully herein.

16. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by Plaintiffs who have been damaged by Defendants' failure to comply with 29 U.S.C. § 201 *et seq.* and 29 U.S.C. §251 *et seq.*

17. Defendants have applied the compensation policies, which violate the FLSA, on a company-wide basis, which has affected all of the Plaintiffs. All Plaintiffs are or were engaged in job duties and responsibilities integral and indispensable to the operation of Defendants' business, and all have been and/or are presently being denied proper compensation as required by the FLSA.

18. At all relevant times, Plaintiffs were "employees engaged in commerce" subject to the minimum wage rates as specified in the FLSA, 29 U.S.C. § 206, and Defendants were "employers" subject to the FLSA.

19. Defendants' practices of deducting uniform fees from wages and not paying for travel time from the last work site back to the central office frequently reduced Plaintiffs' hourly rates below the rate of $5.15 per hour to which they were entitled pursuant to 29 U.S.C. § 206, for all non-overtime hours.

20. Defendants' failure to pay compensation to Plaintiffs at the rate of $5.15 per hour is a willful violation of the FLSA, since Defendants' conduct shows that they either knew that their conduct violated the FLSA or showed reckless disregard for whether their actions complied with the FLSA.

4

21. At all relevant times, Plaintiffs were "employees" subject to the FLSA, who were not exempt from the maximum hour provisions of the FLSA, 29 U.S.C. § 207, and Defendants were "employers" subject to the FLSA.

22. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their normal hourly rate of pay.

23. Defendants' failure to pay compensation to Plaintiffs at the rate of one and one-half the regular rate of pay, for all hours worked over forty (40) in a work week, is a willful violation of the FLSA, since Defendants' conduct shows that they either knew that their conduct violated the FLSA or showed reckless disregard for whether their actions complied with the FLSA.

Wherefore, Plaintiffs respectfully requests this Court to enter an order as follows:

A. Awarding judgment for back pay equal to the amount of all unpaid minimum wage compensation and overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

B. Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

C. Awarding liquidated damages in an amount equal to the amount of unpaid minimum wage compensation and overtime compensation found due pursuant to 29 U.S.C. § 216(b);

D. Awarding reasonable attorneys' fees to Caffarelli & Siegel Ltd., and awarding costs incurred in filing this action; and

5

E.     Ordering such other and further relief as the Court deems appropriate and just.

## COUNT II

### Violation of the Illinois Minimum Wage Law

24.    Paragraphs 1 – 14 are re-alleged and incorporated as though set forth fully herein.

25.    Plaintiffs are or were employees of Defendants who have not been paid minimum hour wages or overtime wages under the IMWL, 820 Ill. Comp. Stat. 105/1 *et seq.*, at various times between 2001 and 2005. Plaintiffs bring this action pursuant to 820 Ill. Comp. Stat. 105/12(a).

26.    At all relevant times herein, Defendants have been "employer(s)" as defined in the IMWL, 820 Ill. Comp. Stat. 105/3(c), and Plaintiffs were "employees" within the meaning of the IMWL.

27.    Pursuant to 820 Ill. Comp. Stat. 105/4, Plaintiffs were entitled to be compensated at the minimum wage rate of $6.50 per hour.

28.    On a number of occasions, Defendants did not compensate Plaintiffs for their work at all, thereby violating the minimum wage provisions of the IMWL.

29.    In addition, Defendants also violated the minimum wage provisions of the IMWL by improperly deducting the uniform fees from Plaintiffs' wages, and by not compensating Plaintiffs for the time spent traveling from the last work site of the day back to Defendants' central office.

6

30. Pursuant to 820 Ill. Comp. Stat. 105/4a, for all weeks during which Plaintiffs worked in excess of forty hours, Plaintiffs were entitled to be compensated at one and one-half times their normal hourly rate of pay for their excess hours.

31. In 2005, it was the practice and policy of Defendants to fail to pay overtime wages to Plaintiffs for hours worked in excess of forty (40) in each or most weeks worked, at the rate of one and one-half times their regular rate of pay.

32. Defendants violated the maximum hours provision of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/4a, by refusing to compensate Plaintiffs at one and one-half times their normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

33. Pursuant to 820 Ill. Comp. Stat. 105/12(a), Plaintiffs are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiffs request this Court to enter an order as follows:

A. Awarding a judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B. Awarding prejudgment interest on the back wages in accordance with 815 Ill. Comp. Stat. 205/2;

C. Awarding punitive damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

D. Awarding reasonable attorneys' fees to Caffarelli & Siegel Ltd., and awarding costs incurred in filing this action; and

E. Ordering such other and further relief as this Court deems appropriate and just.

## COUNT III
## Violation of the Illinois Wage Payment and Collection Act

34. Paragraphs 1 – 14 are re-alleged and incorporated as though set forth fully herein.

35. At all relevant times, Defendants were "employers" as defined in the Illinois IWPCA, 820 Ill. Comp. Stat. 115/1 et seq.; and Plaintiffs were "employee(s)" within the meaning of that Act.

36. Defendants promised to pay Plaintiffs a certain hourly rate for all hours worked.

37. During the course of Plaintiffs' employment, Defendants did not pay Plaintiffs the promised compensation for all of the hours they worked each week.

38. Defendants violated the IWPCA by failing to pay Plaintiffs for all of the hours they worked each week.

39. Defendants further violated the IWPCA by illegally deducting from Plaintiffs' pay the cost of uniforms and/or other items without the express written consent of Plaintiffs.

40. Plaintiffs were damaged by Defendants' violations of the IWPCA.

WHEREFORE, Plaintiffs request this Court to enter an order as follows:

A. Awarding them the full amount of their unpaid wages at the rate agreed to by the parties;

B. Awarding prejudgment interest at the statutory rate pursuant to 815 Ill. Comp. Stat. 205/2;

C. Awarding reasonable attorneys' fees to Caffarelli & Siegel Ltd., and awarding costs incurred in filing this action; ;and

D. Ordering such other and further relief as this Court deems appropriate and just.

Dated: February 28, 2006

*[signature]*

On behalf of all Plaintiffs

Alejandro Caffarelli #06239078
Marc J. Siegel #06238100
Bradley Manewith #06280535
Clare Kralovec #6194449
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 N. Stetson, Suite 3150
Chicago, IL 60601
Telephone: (312) 540-1230
Facsimile: (312) 540-1231

Respectfully submitted,

*[signature]*

On behalf of Plaintiff Palmerin

Michael C. Keberlein Gutiérrez #6279606
Vincent H. Beckman III #0152803
Illinois Migrant Legal Assistance Project
Legal Assistance Foundation
of Metropolitan Chicago
111 W. Jackson Blvd., Suite 300
Chicago, IL 60604-3502
Telephone: (312) 423-5902
Facsimile: (312) 612-1552
mkeberle@lafchicago.org
vbeckman@lafchicago.org